$400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAIL QUIP, INC.                                   Civil Action No.

vs.                                                    19-223

ALLSTATE INSURANCE COMPANY                        Jury Trial Demanded

FILED
JAN 16 2019

## NOTICE FOR REMOVAL OF CIVIL ACTION
## FROM STATE COURT

Defendant Allstate Insurance Company ("Defendant Allstate"), respectfully petitions for removal to this Court of a state civil action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, and in support avers as follows:

1.     A civil action was commenced with the filing of a Complaint on December 13, 2018 by Plaintiff Mail Quip, Inc. ("Plaintiff") against Defendant Allstate which is pending in the Court of Common Pleas of Philadelphia County at December Term 2018 No. 01510 and which is embraced within this judicial district.   A copy of the Complaint is attached as Exhibit "A" and incorporated by reference.

2.     At the time of the filing of this action, Plaintiff alleges that they are a corporation organized in the Commonwealth of Pennsylvania in Chadds Ford, Pennsylvania.   See Exhibit "A", paragraph 1.

3.     Defendant Allstate is an Illinois corporation with its principal place of business in Northbrook, Illinois and is therefore a citizen of a state other than Pennsylvania.   See Exhibit "A".

4.      After Defendant Allstate was served with Plaintiff's Complaint on or about December 18, 2018, Defendant Allstate ascertained that the damages being claimed exceed $75,000.00.

5.      Plaintiff's Complaint includes two counts – the first appears to set forth a claim for Breach of Contract and the second appears to set forth a claim under Pennsylvania's Bad Faith statute.

6.      The *ad damnum* clause of Count I demands judgment "in an amount not in excess of $50,000.00."

7.      The *ad damnum* clause of Count II demands judgment against Defendant Allstate "in the amount in excess of $50,000.00, together with compensatory damages, statutory interest, punitive damages, costs and attorney's fees.".

8.      Defendant Allstate first ascertained the amount in controversy upon receipt of Plaintiff's Complaint on or about December 18, 2018.

9.      This Notice is filed within thirty (30) days of Defendant Allstate's first indication that the damages could exceed $75,000.00.

**WHEREFORE,** Defendant Allstate Insurance Company respectfully requests that the statutory requirements, having been met, that the pending state action be moved to this Court.

Respectfully submitted

By: _____

Bonnie S. Stein, Esquire
Curtin & Heefner LLP
1040 Stony Hill Road
Suite 150
Yardley, PA 19067
215-736-2521

Dated: January 16, 2019

2082174 1/53838

## AFFIDAVIT

I, Bonnie S. Stein, Esquire, being duly sworn according to law, do hereby depose and state that I am the attorney for Defendant, Allstate Insurance Company, the Petitioner in the foregoing Notice for Removal; that I have been duly authorized by the Petitioner to execute this Affidavit; that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice for Removal are true and correct to the best of my knowledge, information and belief.

Bonnie S. Stein, Esquire

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**DECEMBER 2018**     **001510**

E-Filing Number: 1812028982

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>MAILQUIP, INC. | **DEFENDANTS NAME**<br>ALLSTATE INSURANCE COMPANY |
| **PLAINTIFF'S ADDRESS**<br>10 CONCORD WAY<br>CHADDS FORD PA 19317 | **DEFENDANT'S ADDRESS**<br>2755 SANDERS ROAD<br>NORTHBROOK IL 60062 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**
1J - BAD FAITH

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES      NO |
|---|---|---|

**FILED**
**PRO PROTHY**

DEC **13** 2018

**A. SILIGRINI**

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MAILQUIP, INC.

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>WILLIAM T. LAWSON III | ADDRESS<br>1420 WALNUT STREET<br>SUITE 1000 |
|---|---|
| **PHONE NUMBER**<br>(215)546-5188 | **FAX NUMBER**<br>(215)790-9055 | PHILADELPHIA PA 19102 |

| SUPREME COURT IDENTIFICATION NO.<br>32396 | E-MAIL ADDRESS<br>wtlaw3@aol.com |
|---|---|
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>WILLIAM LAWSON III | DATE SUBMITTED<br>Thursday, December 13, 2018, 04:25 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

WILLIAM T. LAWSON, III
Identification Number: 32396
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 546-5188

ATTORNEY FOR PLAINTIFFS
*Filed and Attested by the
Office of Judicial Records*
THIS IS A MAJOR    13 DEC 2018  04:25 pm
NON-JURY MATTER.           E. GIORDINI
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

| | | |
|---|---|---|
| MAIL QUIP, INC. | : | COURT OF COMMON PLEAS |
| 10 Concord Way | : | |
| Chadds Ford PA 19317 | : | PHILADELPHIA COUNTY |
| | : | |
| | : | |
| vs | : | DECEMBER  TERM 2018 |
| | : | |
| Allstate Insurance Company | : | NO.: |
| 2755 Sanders Road | : | |
| Northbrook, IL. 60062 | : | |

## CIVIL ACTION COMPLAINT
### Contract - 1 C

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiendades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA
DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center
Philadelphia, PA 19107
(215) 238-6333

1

WILLIAM T. LAWSON, III                    **ATTORNEY FOR PLAINTIFFS**
Identification Number: 32396
1420 Walnut Street-Suite 1000              **THIS IS A MAJOR**
Philadelphia, PA 19102                     **NON-JURY MATTER.**
(215) 546-5188                             **ASSESSMENT OF DAMAGES**
                                           **HEARING IS REQUIRED**

---

MAIL QUIP, INC.                    :       **COURT OF COMMON PLEAS**
10 Concord Way                     :
Chadds Ford PA 19317               :       **PHILADELPHIA COUNTY**
                                   :
                                   :
            vs                     :       **DECEMBER  TERM 2018**
                                   :
Allstate Insurance Company         :       **NO.:**
2755 Sanders Road                  :
Northbrook, IL. 60062              :

---

## CIVIL ACTION COMPLAINT
Contract - 1 C

1.      Plaintiff, **MAILQUIP, INC,** is a corporation organized in the Commonwealth of

Pennsylvania with an address as stated in the above caption.

2.      Defendant, **Allstate Insurance Company,** (hereinafter also referred to as defendant(s)), is

a business entity engaged in the business of providing business insurance and defendant(s) did insure the

plaintiff and its business, through a Commercial Property Insurance policy, which policy included coverage

for theft of machinery and equipment, and it is believed and therefore averred that defendant regularly

conducts business in Philadelphia county.

3.      Said policy of insurance bears policy number 648585567, was in force at all times relevant

hereto and is known hereinafter as the Policy.

4.      On or about March 17, 2015 a piece of machinery belonging to defendant was

misappropriated.  Said machine was an STS Professional Ink Cartridge Refill Machine, hereinafter referred

to as the Machine, that was used in plaintiff's business.

2

5.      Plaintiff discovered the misappropriation of the Machine on or about April 6, 2017, when the machine was listed for sale on Ebay by an entity known on Ebay only as "1racerboy."

6.      The entity known as "1racerboy" is unknown to plaintiff and is in no way affiliated with plaintiff Mailquip, any of its owners or affiliates.

7.      Plaintiff Mailquip  never received any compensation, whatsoever from  the sale of the Machine.

8.      Plaintiff reported the machine as stolen to the Pennsylvania State Police and filed a claim with defendant Allstate under the Policy.

9.      The machine at the time of the theft, including its component parts, had a value of $10,429.00.

### COUNT ONE
### PLAINTIFFS vs. ALLSTATE INSURANCE COMPANY
### Property Theft claim

10.      Plaintiff incorporates herein by reference paragraphs one (1) through nine (9) inclusive as fully as though same were set forth herein at length.

11.      As aforestated, Plaintiff sustained a loss of property, to wit the Machine, and at all times relevant hereto, plaintiff was insured and/or covered by the Policy and other policies of insurance which had been issued by defendant, **Allstate Insurance Company,** by the terms of which coverage for loss of property, such as the Machine was provided for plaintiff, in accordance with the Policy and other policies of insurance, and the provisions of the Pennsylvania statutes pertaining to commercial insurance, and all other pertinent statutes and laws, said Policy and other policies of insurance, being in full force and effect at all times relevant hereto.

12.      The defendant, **Allstate Insurance Company,** is obliged to provide to the plaintiff, protection against loss caused by misappropriation or theft of property, such as the Machine.

13.      Plaintiffs,  pursuant to the terms and conditions of the Policy issued by defendant and the

3

laws of Pennsylvania, made claim for loss of property benefits and other coverages.

14.     Pursuant to all other pertinent statutes and laws, the defendant became the obligor of loss of property benefits and as such, loss of property benefits to the plaintiff, as a result of the aforementioned theft and or misappropriation of the Machine,  and plaintiff repeatedly notified defendant, **Allstate Insurance Company,** that plaintiff was pursuing a claim for loss of property benefits and requested that defendant pay said claim.

15.     Plaintiff did give prompt, timely and reasonable notice to defendant of its losses and/or claim for loss of property and provided all required notices, applications, bills, reports, forms, proofs, and verifications required by the applicable statutes and laws, the rules promulgated thereunder, the policies of insurance and/or by the defendant, **Allstate Insurance Company.**

16.     Notwithstanding the claim of plaintiff, said defendant failed to promptly offer and/or pay any monies in satisfaction of the plaintiffs' claim for loss of property.

17.     Notwithstanding the defendant's duty to pay and/or reimburse, said defendant failed to properly and promptly respond to plaintiffs' loss of property claim and has failed to make any adequate offers, all of which are a breach of defendant's duty, obligation, and/or agreement with the plaintiff.

18.     The aforesaid failure and/or refusal of the defendant to satisfy the loss of property claim of the plaintiff in a timely fashion, is a breach of defendant's duty, obligation and/or agreement with the plaintiff, which agreement arises by virtue of the Policy, and other policies of insurance, and the applicable Pennsylvania statutes.

19.     The aforesaid failure and/or refusal of the defendant to satisfy the loss or property claim of the plaintiff is a breach of defendant's duty, obligation and/or agreement with the plaintiff, which agreement arises by virtue of the Policy, and other policies of insurance, and the applicable Pennsylvania statutes in that a fair, reasonable and proper sum has yet to be offered to date in satisfaction of said claims

20.     The defendant has not paid the plaintiff's loss, including but not limited to the

4

above, to which the plaintiff is entitled under the provisions of the contract and all other pertinent statutes and laws.

21.     The pertinent statutes and laws provide for the payment of reasonable attorney's fees and costs required in the collection of insurance proceeds, as have been in the past and may in the future be expended or incurred, for which sum demand is hereby made.

22.     The plaintiff has employed attorneys in an attempt to recover said outstanding sums.

23.     Notwithstanding the defendant's duty to pay and/or reimburse, said defendant has failed to adequately respond to plaintiffs' loss of property claim and has failed to identify any arbitrators, all of which is a breach of defendant's duty, obligation and/or agreement with the plaintiff.

24.     Notwithstanding that a proper claim was made and damages were undisputed, said defendant has failed to promptly offer and/or pay any monies in satisfaction of the plaintiffs' claim for loss or property benefits.

25.     Notwithstanding the defendant's duty to pay and/or reimburse, said defendant failed to properly and promptly respond to plaintiffs' loss or property claim, which is a breach of defendant's duty, obligation, and/or agreement with the plaintiff.

26.     The aforesaid failure and/or refusal of the defendant to satisfy the loss or property claim of the plaintiff is a breach of the defendant's duty, obligation and/or agreement with the plaintiff which agreement arises by virtue of the policies of insurance and the applicable Pennsylvania statutes in that a fair, reasonable and proper sum has yet to be offered to date in satisfaction of said claims.

27.     Notwithstanding the defendant's duty to pay and/or reimburse, said defendant has failed to respond adequately to plaintiffs' loss or property claim and/or has failed to agree on an arbitrator, and/or has failed to proceed to arbitration all of which is a breach of the defendant's duty, obligation and/or agreement with the plaintiff and is a breach of the defendant's duty, obligation and/or agreement pursuant to the Policy, other policies of insurance, and applicable statutes.

5

28.     To date, defendant has not provided plaintiff with loss or property benefits and refuses to do so.

WHEREFORE, plaintiff, **Mailquip, Inc.,** claim damages against the defendant, in an amount not in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT TWO**
**PLAINTIFF vs. ALLSTATE INSURANCE COMPANY**
**Bad Faith Claim**

29.     Plaintiff incorporates herein by reference paragraphs one (1) through twenty-eight (28) inclusive as fully as though same were set forth herein at length.

30.     At all times relevant herein and material hereto, the defendant was under a covenant and/or duty of good faith and fair dealing with the plaintiff regarding claims for loss or property benefits under the aforesaid policy of insurance.

31.     The defendant acted in bad faith and breached its covenant and/or duty of good faith and fair dealing with the plaintiff in that the defendant did:

(a)     Fail to provide plaintiff with loss or property benefits;

(b)     Lulled plaintiff into the belief that it was going to provide coverage to the plaintiff when all along it had no intention of paying out on the claim;

(c)     Lulled plaintiff into the belief that it was going to provide coverage to the plaintiff when all along it had no intention of paying out on the claim and therefore, knowingly prejudicing plaintiff's position of taking alterative courses of action;

(d)     Fail to comply with the provisions of the Policy and Pennsylvania law;

(e)     Otherwise act in bad faith and/or in an unreasonable manner in denying and/or failing to promptly pay plaintiff's claim;

(f)     Fail to promptly and/or properly and/or adequately investigate the plaintiff's claim and or failing to pay same within thirty (30) days of submission;

(g)     Fail to request and/or obtain an investigatory report prior to

6

denying and/or failing to pay plaintiff's claim;

(h)     Fail to request additional information and/or other information
        to re-evaluate plaintiff's claim prior to denying or failing to pay same;

(i)     Permit employees with limited or no business acumen to deny
        and/or fail to pay plaintiff's claim;

(j)     Commit such other acts of bad faith as may be disclosed through
        discovery and the trial of this cause;

(k)     Otherwise acting in bad faith pursuant to 42 Pa.C.S.A.§ 8371;

(l)     Failing to proceed to arbitration;

(m)     Failing to agree to a neutral arbitrator;

(n)     Advising plaintiff that the policy contained loss or property
        coverage and then representing that no loss or property
        coverage existed or would be provided;

(o)     Deceiving plaintiff that it was proceeding to arbitration when they
        had no intention to paying out any coverages;

(p)     Lacked a reasonable basis for denying benefits;

(q)      Failing to respond to plaintiff's repeated attempts to settle the claim;

(r)     Recklessly disregarded its lack of a reasonable basis for denying benefits;

(s)     Requesting that plaintiff submit to a oral deposition and/or sworn statement
        when defendants had no intention of honoring the claim;

(t)     Otherwise acting in bad faith as revealed in discovery

32.     In an action arising under an insurance policy, the insured may make a claim

against the insurer for damages for bad faith pursuant to 42 Pa. C.S.A § 8371, which plaintiff

hereby claims damages for a result of defendant's conduct in handling plaintiff's claim

33.     Pursuant to 42 Pa. C.S.A  § 8371, entitled "Actions on Insurance Policies," which is

incorporated herein by reference, plaintiff also claims damages against defendant for punitive

damages, court costs, attorneys fees, and interest for defendants' bad faith conduct at all times herein

7

material.

    WHEREFORE, plaintiff, Mailquip, Inc., claims damages against the defendant,

in the amount in excess of Fifty Thousand Dollars. ($50,000 00), together with compensatory damages,

statutory interest, punitive damages, costs and attorney's fees.

**WILLIAM T. LAWSON, III**
Attorney for plaintiff

8

**VERIFICATION**

Filed and Attested by the
Office of Judicial Records
13 DEC 2018 04:35 pm
E. PILGRINI

FREDERICK SCANNAPIECO, states that he is the president of **MAILQUIP, INC.**,

the plaintiff corporation, and is authorized to take this verification on behalf of plaintiff.

The undersigned, having read the attached pleading/document verifies that the within

pleading/document is based on information furnished to counsel, which information has been gathered

by counsel in the course of this lawsuit. The language of the pleading/document is that of counsel and not

of signer. Signer verifies that he has read the within pleading/document and that it is true and correct to

the best of signer's knowledge, information and belief. To the extent that the contents of the

pleading/document are that of counsel, verifier has relied upon counsel in taking this verification. This

verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to

authorities.

**FREDERICK SCANNAPIECO**

Case ID: 181201510



**CERTIFIED MAIL**

7017 1070 0000 4138 0814

WTL
Suite 1000
1420 Walnut Street
Philadelphia PA 19102-4015

US POSTAGE $013.55

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Allstate Insurance Company
2755 Sanders Road
Northbrook, IL  60062

**Harris, Chris D.**

| | |
|---|---|
| **From:** | Boehm, Gregory <Greg.Boehm@allstate.com> |
| **Sent:** | Wednesday, January 2, 2019 2:55 PM |
| **To:** | Stein, Bonnie S. |
| **Subject:** | Mail Quip, Inc. |

Bonnie,
I've spoken to Jaclyn Groff in the commercial office. She agreed to provide you with a certified copy of the policy and endorsements and a copy of the claim history. She will also set it up in CounselLink so you should see that request soon.

Thanks again.


Greg Boehm
Sr. Claim Service Consultant- Special Investigations
Allstate Insurance Co.
SIU Auto/Property East
P.O. Box 660328
Dallas, TX 75266-0328

(215)347-5881
(855)219-7494  Fax
Greg.Boehm@allstate.com

## Harris, Chris D.

| | |
|---|---|
| **From:** | Groff, Jaclyn <Jaclyn.Groff@allstate.com> |
| **Sent:** | Wednesday, January 2, 2019 3:33 PM |
| **To:** | Stein, Bonnie S. |
| **Subject:** | 3733050417 Mail Quip Inc |
| **Attachments:** | claim journal 3733050417 CR MAIL QUIP INC.DOCX; scan of physical file.pdf |

Hello Bonnie,

Sending over the file materials to you on this claim that you discussed with Greg Boehm.  The word doc is our claim journal- it contains a number of embedded attachments (you might need to "unprotect" or "enable editing" to view them).  The pdf is a scan of our physical file, which should be largely if not completely duplicative of the claim journal.  I also requested to have a certified copy of the policy sent to your office via FedEx.

Sincerely,

**Jaclyn Groff, AIC**
Senior Claims Consultant

Allstate Insurance Company
Commercial Claims Office
8711 Freeport Pkwy MS 14
Irving, TX 75063

Direct Dial: 972-915-8307
Fax: 877-221-7363
Jaclyn.Groff@allstate.com

CONFIDENTIALITY NOTE.
*This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your co-operation*

**From:** Boehm, Gregory
**Sent:** Wednesday, January 02, 2019 2:06 PM
**To:** Groff, Jaclyn <Jaclyn.Groff@allstate.com>
**Subject:** RE: 3733050417 Mail Quip Inc

Bonnie's email address is bss@curtinheefner.com

Greg Boehm
Sr. Claim Service Consultant- Special Investigations
Allstate Insurance Co.
SIU Auto/Property East
P.O. Box 660328
Dallas, TX 75266-0328

(215)347-5881
(855)219-7494 Fax

1

Greg.Boehm@allstate.com

---

**From:** Groff, Jaclyn
**Sent:** Monday, December 31, 2018 11:52 AM
**To:** Boehm, Gregory <Greg.Boehm@allstate.com>
**Cc:** Nemecek, Craig <Craig.Nemecek@allstate.com>
**Subject:** 3733050417 Mail Quip Inc

Hi, just checking in on this.  Do we have counsel assigned, need to get file copy over to anyone?  If my math is right, answer is due next week.

Thanks,

**Jaclyn Groff, AIC**
Senior Claims Consultant

Allstate Insurance Company
Commercial Claims Office
8711 Freeport Pkwy MS 14
Irving, TX 75063

Direct Dial: 972-915-8307
Fax: 877-221-7363
Jaclyn.Groff@allstate.com

CONFIDENTIALITY NOTE:
*This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your co-operation.*

---

**From:** Phillips, Billy W.
**Sent:** Friday, December 21, 2018 2:19 PM
**To:** Nemecek, Craig <Craig.Nemecek@allstate.com>; Barnes, Katheryn (Commercial Claims) <Katheryn.Barnes@Allstate.com>
**Cc:** Laue, Patrick- ABI Claims <cjkgm@Allstate.com>; Boehm, Gregory <Greg Boehm@allstate.com>; Groff, Jaclyn <Jaclyn.Groff@allstate.com>
**Subject:** RE: New Suit Policy 648585567

It was denied by Greg 2/3/16
I am moving into Greg's folder now and noting file

Billy W Phillips SCLA
Claim Service Leader-Commercial Claims

Allstate Insurance Company

8711 Freeport Bldg A-3  MS14
Irving, TX 75063
Toll free      800-359-1000- ext 972-915-8907
phone         972-915-8907

2

toll free fax  866-336-0482
e mail billy.phillips@allstate.com

**From:** Nemecek, Craig
**Sent:** Friday, December 21, 2018 10:04 AM
**To:** Phillips, Billy W. <Billy.Phillips@Allstate.com>; Barnes, Katheryn (Commercial Claims)
<Katheryn.Barnes@Allstate.com>
**Cc:** Laue, Patrick- ABI Claims <cjkgm@Allstate.com>; Boehm, Gregory <Greg.Boehm@allstate.com>
**Subject:** RE: New Suit Policy 648585567

If we denied it in SIU ys we will handle.
Can we move it back into Gregs folder?
I will review and Greg can set it up and determine if it needs to go to SIU lit handler.
thanks


Craig Nemecek, MS,SCLA
SIU FPA—Claim Line Mgt—Lead Consultant
Ph# 301-509-2781

**From:** Phillips, Billy W.
**Sent:** Thursday, December 20, 2018 3:47 PM
**To:** Barnes, Katheryn (Commercial Claims) <Katheryn.Barnes@Allstate.com>; Nemecek, Craig
<Craig.Nemecek@allstate.com>
**Cc:** Laue, Patrick- ABI Claims <cjkgm@Allstate.com>
**Subject:** RE: New Suit Policy 648585567

This was handled by Greg Boehm who denied it in 2016?

Craig who is going to be the SIU adjuster handling the suit?


Billy W Phillips SCLA
Claim Service Leader-Commercial Claims

Allstate Insurance Company

8711 Freeport Bldg A-3  MS14
Irving, TX 75063
Toll free     800-359-1000- ext 972-915-8907
phone       972-915-8907
toll free fax  866-336-0482
e mail billy.phillips@allstate.com

**From:** Barnes, Katheryn (Commercial Claims)
**Sent:** Thursday, December 20, 2018 2:45 PM
**To:** Nemecek, Craig <Craig.Nemecek@allstate.com>
**Cc:** Phillips, Billy W. <Billy.Phillips@Allstate.com>; Laue, Patrick- ABI Claims <cjkgm@Allstate.com>
**Subject:** FW: New Suit Policy 648585567

New suit on claim 3733050417 MAIL QUIP INC (in SIU link)

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAIL QUIP, INC. | : | Civil Action No. |
| | : | |
| vs. | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY | : | Jury Trial Demanded |

## NOTICE OF REMOVAL

TO:      William T. Lawson, III, Esquire
1420 Walnut Street
Suite 1000
Philadelphia, PA 19102

PLEASE TAKE NOTICE that Defendant Allstate Insurance Company has this 16th day of January 2019, filed in this Court a verified Notice for Removal of the State Court Action now pending in the Court of Common Pleas of Philadelphia, Pennsylvania, Docket Number 181201510.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. Section 1446(f), the State action is now removed to this Court. The State Court has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

CURTIN & HEFFNER LLP

Date: January 16, 2019             By: _____ BSS/3421
Bonnie S. Stein, Esquire
Attorneys for Defendant/Petitioners
1040 Stony Hill Road, Suite 150
Yardley, PA 19067
(215) 736-2521

2082155 1/53838

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAIL QUIP, INC.                        :        Civil Action No.
                                       :
             vs.                       :
                                       :
ALLSTATE INSURANCE COMPANY             :        Jury Trial Demanded

## CERTIFICATION OF SERVICE

Bonnie S. Stein, Esquire, hereby certifies that on January 16, 2019, a true and correct copy of Defendant Allstate Insurance Company's Notice for Removal of Civil Action from State Court was served on the date listed below by placing a copy of the same in the United States Mail, First Class, postage prepaid to the following:

William T. Lawson, III, Esquire
1420 Walnut Street
Suite 1000
Philadelphia, PA 19102

CURTIN & HEEFNER LLP

Date:  January 16, 2019              By: _____ BSS/3421
                                        Bonnie S. Stein, Esquire
                                        Attorneys for Defendant

2082157.1/53838