IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAIL QUIP, INC. | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 19-223 |
| | : | |
| ALLSTATE INSURANCE COMPANY | : | |
| *Defendant.* | : | |

## MEMORANDUM

Plaintiff seeks to enforce an insurance policy with Defendant for a machine that was misappropriated in March 2015, alleging that Defendant breached this insurance policy and acted in bad faith under 42 Pa. C.S.A. § 8371 by denying Plaintiff its benefits and/or failing to pay for this loss. Defendant moves to dismiss these claims based on the suit limitation provision in the relevant policy, requiring that Plaintiff bring a legal action within two years of the date of loss, and based on the two-year statute of limitations for claims of bad faith under § 8371.

### I. BACKGROUND

Plaintiff alleges that, on or about March 17, 2015, an ink cartridge refill machine used in Plaintiff's business was "misappropriated." ECF No. 6 at ¶ 11. Plaintiff alleges this machine was insured by Allstate Insurance Company ("Allstate" or "Defendant"), through a Commercial Property Insurance Policy [the "Policy"], which included "coverage for theft of machinery and equipment." *Id.* at

1

¶ 3. Plaintiff alleges that the Policy was "in force at all times relevant hereto," but also that "a full copy" of the Policy "was never given to [P]laintiff." *Id.* at ¶¶ 8-9. Plaintiff alleges that the "Policy [is] a contract of adhesion." *Id.* at ¶ 10.

Plaintiff alleges that it "discovered the misappropriation" of the machine on April 6, 2017, when it saw the machine listed for sale on eBay by an entity unknown to Plaintiff. *Id.* at ¶¶ 12-13. Plaintiff alleges that it never received any compensation for the sale of the machine. *Id.* at ¶ 14. Plaintiff alleges that it "reported the machine as stolen to the Pennsylvania State Police and filed a claim with defendant Allstate under the Policy." *Id.* at ¶ 15. Plaintiff does not allege the date that it filed a claim with Allstate nor the result of that claim. Plaintiff alleges that the machine had a value of $10,429 at the time of theft. *Id.* at ¶ 16.

Plaintiff alleges two counts against Allstate: (1) Breach of Contract (named "Property Theft Claim") and (2) Bad Faith.

### A. **Breach of Contract: Property Theft Claim**

Plaintiff alleges that Allstate is "obligated to provide" Plaintiff with "protection against loss caused by misappropriation or theft of property" based on the Policy. *Id.* at ¶ 19. Plaintiff alleges it gave "prompt, timely and reasonable notice to [D]efendant of its losses and/or claim for loss of property and provided all required notices . . . required by the applicable statute and laws." *Id.* at ¶ 22. Plaintiff alleges that Defendant "failed to promptly offer and/or pay any monies in

2

satisfaction of the [P]laintiffs' claim for loss of property" and "failed to properly and promptly respond to" Plaintiff's claim and "has failed to make any adequate offers," which Plaintiff alleges are a "breach of [D]efendant's duty, obligation, and/or agreement with [P]laintiff" arising from the Policy. *Id.* at ¶¶ 23-26.

B. **Bad Faith Claim**

Plaintiff alleges that Defendant was "under a covenant and/or duty of good faith and fair dealing with the [P]laintiff regarding claims for loss or property benefits under the" Policy. *Id.* at ¶ 37. Plaintiff alleges that Defendant "acted in bad faith and breached its covenant and/or duty of good faith and fair dealing with the [P]laintiff in that the [D]efendant . . . [f]ail[ed] to provide [P]laintiff with loss or property benefits; [l]ulled [P]laintiff into the belief that it was going to provide coverage to the [P]laintiff when . . . it had no intention of paying out on the claim . . . [which] prejudice[d] [P]laintiff's position . . . [and] [o]therwise act[ed] in bad faith and/or in an unreasonable manner in denying and/or failing to promptly pay [P]laintiff's claim" *Id.* at ¶ 38.

Plaintiff further alleges that Defendant failed to promptly investigate or pay Plaintiff's claim within 30 days of submission, failed to obtain an investigatory report, failed to request additional information to re-evaluate Plaintiff's claim prior to denying or failing to pay that claim, permitted employees with "limited or no business acumen" to evaluate Plaintiff's claim prior to denying or failing to pay

3

Plaintiff's claim, failed to agree to an arbitrator, and lacked a reasonable basis for denying benefits. *Id.*

## II. STANDARD

When reviewing a motion to dismiss, the Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955)). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

Finally, courts reviewing the sufficiency of a complaint must engage in a three-step process. First, the court "must 'take note of the elements [the] plaintiff

4

must plead to state a claim.'" *Id.* at 787 (alterations in original) (quoting *Iqbal*, 556 U.S. at 675). "Second, [the court] should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (alterations in original) (quoting *Iqbal*, 556 U.S. at 679).

## III. PARTIES' ARGUMENTS

Defendant has moved to dismiss the breach of contract claim based on the two-year suit limitation provision in the Policy and the bad faith claim based on the two-year statute of limitations for claims under 42 Pa. C.S.A. § 8371. ECF No. 7-2 at 4. Defendant admits that, taking the facts of the Amended Complaint as true, the machine would be "Covered Property" under the Policy. *Id.* at 2-3. Defendant argues, however, that the Policy also requires insureds to bring a legal action within two years of the date of loss:

> **D. LEGAL ACTION AGAINST US**
> No one may bring a legal against us under this Coverage Part unless:
> 1. There has been full compliance with all of the terms of this Coverage Part; and
> 2. ***The action is brought within 2 years after the date on which the direct physical loss or damages occurred.***

*Id.* at 3.

Therefore, Defendant argues that, since the Amended Complaint alleges that the date of loss is "on or about March 17, 2015," Plaintiff was required to file suit against Defendant by March 17, 2017 at the latest. *Id.* at 4-5. Defendant argues that the provision limiting the insured's right to sue is enforceable under Pennsylvania law and constitutes an absolute bar to Plaintiff's claim. *Id.* at 6. Defendant further argues that Plaintiff's allegation that the loss was discovered on April 6, 2017 is "insufficient to render Plaintiff's claim timely" because this claim is unsupported by the pleadings and does not affect the contractual suit limitation set forth in the Policy, which runs from the date of loss and not the date of discovery. *Id.* at 7.

Defendant attaches to its Motion to Dismiss Plaintiff's Sworn Statement in Proof of Loss, which was signed on August 6, 2015. ECF No. 7-7. Defendant additionally attaches a letter from Allstate denying Plaintiff's claim for insurance on February 3, 2016. ECF No. 7-8. Defendant finally argues that the bad faith claim is subject to a two-year statute of limitations and is thus untimely, as the denial of coverage occurred in February 2016. *Id.* at 21.

Plaintiff responds that Defendant cannot enforce the suit limitation in the Policy without a showing of prejudice, based on the holding in *Brakeman v. Potomac Ins. Co.*, 472 Pa. 66 (1977), where the Pennsylvania Supreme Court required a showing of prejudice before enforcing a contractual notice provision.

ECF No. 10-1 at 4. Plaintiff claims that all cases cited by Defendant stating that prejudice is not necessary for enforcement of a suit limitation provision distinguish *Brakeman* based on a suit limitation provision for fire insurance policies mandated by the legislature and not by contract, including *Schreiber v. Pennsylvania Lumberman's Mutual Ins. Co.*, 444 A.2d 647 (Pa. 1982). *Id.*

Plaintiff additionally claims that the denial of Plaintiff's insurance claim, which Defendant attached to its Motion to Dismiss, may not be considered because the Court may only "consider documents attached to a complaint." *Id.* at 8. Even if it were considered, Plaintiff argues that the letter was never communicated to the Plaintiff and thus discovery would be needed to establish "the transmission of [the denial letter] and the date on which it was communicated to [P]laintiff." *Id.* Lastly, Plaintiff argues that its claim for breach of good faith and fair dealing is subject to a four-year limitations period because the common law bad faith claim sounds in contract, unlike the remedies provided under 42 Pa. C.S.A. § 8371 for bad faith, and thus would not be barred by the statute of limitations under § 8371. *Id.* at 9-10.

In its reply, Defendant argues that the Third Circuit Court of Appeals distinguished the *Brakeman* holding with respect to suit limitation provisions, holding that "the *Brakeman* rule does not apply to limitation of suit clauses." ECF No. 11 at 2 (quoting *Hospital Support Services, Ltd. v. Kemper Group, Inc.*, 889

7

F.2d 1311 (3d. Cir. 1989)). Defendant therefore claims that it is "now settled that an insurer need not demonstrate prejudice to enforce a contractual suit limitation, regardless of the type of policy at issue." *Id.* at 2. Defendant further argues that the Court is permitted to consider Defendant's rejection of Plaintiff's insurance claim, because it is "referenced repeatedly throughout Plaintiff's Amended Complaint," and "Plaintiff cannot avoid the statute of limitations simply by not attaching this correspondence." *Id.* at 3.

Plaintiff replies that "the federal courts must apply state law to the matter at issue," and therefore the Court must apply the holding in *Brakeman* and *Schreiber* and extend their holdings to contractual suit limitation provisions, instead of following the later-published Third Circuit decision in *Hospital Support Services*, predicting the Pennsylvania Supreme Court's conclusion. ECF. 12 at 1-2.

## IV. DISCUSSION

### A. **Breach of Contract**

Under Pennsylvania law, "[i]t is well-settled that a contractual provision limiting the time for commencement of suit on an insurance contract to a period shorter than that provided by an otherwise applicable statute of limitations is valid if reasonable." *Lyons v. Nationwide Ins. Co.*, 567 A.2d 1100, 1102 (1989) (citing *Lardas v. Underwriters Ins. Co.*, 231 A.2d 740, 741–42 (1967)); *see also Schreiber v. Pennsylvania Lumberman's Mut. Ins. Co.*, 498 Pa. 21, 26 (1982) ("The law has

8

also recognized that parties have a right in their contractual dealings to further limit the time during which resort to the courts may be had to resolve a dispute that arises from their contractual relationship.")

The Supreme Court of Pennsylvania held in *Brakeman v. Potomac* that "where an insurance company seeks to be relieved of its obligations under a liability insurance policy on the ground of late notice, the insurance company will be required to prove that the notice provision was in fact breached and that the breach resulted in prejudice to its position." 472 Pa. 66 (1977). Subsequently, in *Schreiber v. Pennsylvania Lumberman's Mut. Ins. Co.*, the Pennsylvania Supreme Court distinguished *Brakeman* with respect to a suit limitation provision in a fire insurance policy, stating that in *Brakeman*, "this Court departed from precedent and held that an insurer must prove that it has been prejudiced by an insured's late notice before it can successfully invoke [] a [notice] provision as a defense to a claim," whereas "the limitation of suit provision in appellants' fire insurance policy was not 'dictated by the insurance company to the insured,'" but rather "mandated" by the Legislature. 498 Pa. 21, 24 (1982).

Following these Pennsylvania Supreme Court decisions, the Third Circuit was faced with the question of "whether the rationale of *Brakeman* should apply to limitation of suit clauses as well as to notice of loss provisions," which the "Pennsylvania Supreme Court has never squarely addressed." *Hosp. Support*

*Servs., Ltd. v. Kemper Grp., Inc.*, 889 F.2d 1311, 1313 (3d Cir. 1989). The Third Circuit was therefore required to "predict[] Pennsylvania law" on this issue. *Id.*

The Third Circuit addressed the varying decisions following *Brakeman*, noting that two lines of cases had emerged: first, those holding that where the suit limitation clauses were the result of legislative mandate, "the large disparity of bargaining power between the insured and the carrier upon which *Brakeman* was premised was not present," and second, those that distinguish between notice provisions, whose purpose is to avoid prejudice, and suit limitation clauses, which are simply a "contractual modification of the statute of limitations." *Id.* at 1314 (citing *Schreiber v. Pennsylvania Lumberman's Mut. Ins. Co.*, 498 Pa. 21 (1982); *Brandywine One Hundred Corp. v. Hartford Fire Ins. Co.*, 405 F.Supp. 147 (D.Del.1975), aff'd mem., 588 F.2d 819 (3d Cir.1978) (applying Delaware law)).

The Third Circuit concluded that the "better view is that the *Brakeman* rule does not apply to limitation of suit clauses," especially considering "'[s]uch clauses were completely acceptable and enforceable at common law without any demonstration of prejudice.'" *Id.* at 1316 (quoting *Hamilton Bank v. Export–Import Bank of U.S.*, 634 F.Supp. 195 (E.D.Pa. 1986)). Neither the Supreme Court nor the Superior Court of Pennsylvania has since addressed the Third Circuit's holding in *Hospital Support Services*.

"[W]hen the Third Circuit has predicted how the Pennsylvania Supreme Court will rule on an issue, it is bound by that precedent unless one of those two courts subsequently rules otherwise." *McGuckin v. Allstate Fire & Cas. Ins. Co.*, 118 F. Supp. 3d 716, 720 (E.D. Pa. 2015). The Third Circuit has further held that it is "of course, also bound by [its] own precedent interpreting state law so long as it has not been contradicted by the Supreme Court of Pennsylvania." *Mitchell Partners, L.P. v. Irex Corp.*, 656 F.3d 201, 210 (3d Cir. 2011).

This Court therefore is bound by, and furthermore agrees with, the Third Circuit's holding in *Hospital Support Services*[1] that an insurance provider is not required to show prejudice to enforce a suit limitation clause. Plaintiff alleges that the machine was misappropriated on or around March 17, 2015 and that an insurance claim for its loss was submitted, though Plaintiff does not allege when that claim was submitted or what was the result of that claim. ECF No. 6 at ¶¶ 11,

---

[1] There is also a line of Eastern District of Pennsylvania cases that have followed the Third Circuit's holding in *Hospital Support Services. See e.g.*, *Int'l Mgmt. Consultants, Inc. v. Cont'l Cas. Co.*, No. CV 14-4924, 2016 WL 1535705, at *2 (E.D. Pa. Apr. 14, 2016) ("[U]nlike an insurer's invocation of a notice of loss provision, the insurer need not show prejudice in order to bar a suit based on a limitation of suit clause"); *Mabrat v. Allstate Ins. Co.*, No. CIV.A. 12-1293, 2012 WL 6209884, at *5 (E.D. Pa. Dec. 12, 2012) ("Courts have repeatedly refused to extend Brakeman's 'sweeping language' to other types of contract provisions, including limitation-of-suit clauses and claims-made policies.") (internal citations omitted); *Am. Collision & Auto. Ctr., Inc. v. Windsor-Mt. Joy Mut. Ins. Co.*, No. 11-CV-06947, 2012 WL 4490982, at *6 (E.D. Pa. Sept. 27, 2012) ("[A]n insurance provider is not required to demonstrate prejudice to enforce a suit limitation clause."); *Caln Vill. Assocs., L.P. v. Home Indem. Co.*, 75 F. Supp. 2d 404, 410 (E.D. Pa. 1999) ("Provided that the insurer did not lead the insured to believe that the contractual limitation period would not be enforced, an insurer does not need to show prejudice to enforce a suit limitation provision.").

15.[2] The Policy Plaintiff seeks to enforce has a suit limitation clause requiring that a legal action be "brought within 2 years after the date on which the direct physical loss or damages occurred." ECF No. 7-5 at 123.[3]

As the Amended Complaint alleges that the loss occurred on or around March 17, 2015, Plaintiff was required to bring its breach of contract action against Defendant by March 17, 2017. Although Plaintiff alleges that it "discovered the misappropriation of the Machine on or about April 6, 2017," ECF No. 6 at ¶ 12, it claims that this allegation is intended to "illustrate that the Machine was actually misappropriated," and not that the discovery rule applies. ECF No. 10-1 at 7. Therefore, as Defendant is not required to show prejudice to rebut against the suit limitation provision, and Plaintiff's breach of contract claim is untimely, Count I is dismissed.

---

[2] Plaintiff alleges that the Policy was "in force at all times relevant hereto" but also that "a full copy [of the Policy] . . . was never given to [P]laintiff." ECF No. 6 at 2. Plaintiff argues that because the "first time that [P]laintiff ever saw a copy of the entire policy was when same was attached to defendant Allstate's motion to dismiss," and "[g]iven the disparity of the bargaining positions between the parties," the Policy should be considered a contract of adhesion and therefore Defendant should be required to show prejudice to enforce the suit limitation provision. ECF No. 10-1 at 3, 5. As the Court has already determined that an insurer is not required to show prejudice to enforce a suit limitation provision, Plaintiff's argument that the contract is one of adhesion because Plaintiff never saw the "full copy" of the Policy is irrelevant.

[3] Although Plaintiff did not attach the Policy to its Amended Complaint, the Court may refer to the Policy, attached to Defendant's Motion to Dismiss, in ruling on the Defendant's Motion to Dismiss without converting the motion to a motion for summary judgment because the Complaint is based on this Policy and Plaintiff does not dispute its authenticity. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## B. **Bad Faith**

Defendant also moves to dismiss Plaintiff's bad faith claim, arguing that it is untimely pursuant to the two-year statute of limitations for claims arising under 42 Pa. C.S.A. § 8371, because Defendant denied Plaintiff's benefits on February 3, 2016, more than two years before Plaintiff filed the original Complaint. ECF No. 7-2 at 9. Plaintiff raises several arguments in response that are unpersuasive. First, Plaintiff argues that the Court cannot consider the notice of denial attached to Defendant's Motion to Dismiss because "the alleged notice of denial is not attached to [P]laintiff's amended complaint," it is "factually dispositive of defendant's argument and is not merely precedential," and it is "not an undisputed document alleged or referenced in [P]laintiff[']s amended complaint." ECF No. 10-1 at 8. Lastly, Plaintiff argues that this denial must have been communicated to Plaintiff, which is not "not evident on the face of the document." *Id.*

On a motion to dismiss, this Court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Id.* Furthermore, this Court need not covert this Motion to Dismiss to a summary judgment motion because

13

"[w]hen a complaint relies on a document, . . . the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished." *Id.* at 1196-1197.

Plaintiff relies on Defendant's denial of benefits in alleging a claim for bad faith under 42 Pa. C.S.A. § 8371. "To recover under section 8371, a plaintiff must show by clear and convincing evidence that the insurer did not have a reasonable basis **for denying benefits under the policy** and that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (emphasis added) (citing *Terletsky v. Prudential Property & Casualty Insurance Co.*, 649 A.2d 680 (1994)). "[A]n action under § 8371 is a statutorily-created tort action and [the Supreme Court of Pennsylvania has] h[e]ld such an action is subject to the two-year statute of limitations." *Ash v. Cont'l Ins. Co.*, 593 Pa. 523, 536 (2007).

Integral to a bad faith action under § 8371 is that the insurer *denied benefits under the policy*. Plaintiff alleges in its Amended Complaint that the Policy was "in force at all times relevant hereto," and that, after the machine was misappropriated, Plaintiff "filed a claim with defendant Allstate under the Policy." *Id.* at 2-3. Plaintiff does not specifically state that Defendant denied Plaintiff's insurance claim or when Defendant denied Plaintiff's insurance claim. Plaintiff instead alleges that Defendant acted in bad faith in "[l]acking a reasonable basis

14

**for denying benefits,**" "[f]ail[ing] to request and/or obtain an investigatory report **prior to denying and/or failing to pay [P]laintiff's claim**," and "[p]ermit[ing] employees with limited or no business acumen **to deny and/or fail to pay [P]laintiff's claim**." ECF No. 6 at 7 (emphasis added).

Plaintiff's claim of bad faith is therefore based on Defendant's denial of benefits to Plaintiff under the Policy, and this Court can therefore consider the notice of denial attached by Defendant to its Motion to Dismiss. *See* supra 12-13. The Amended Complaint alludes to Plaintiff's benefits being denied but does not state when it submitted its claim to Defendant or what was the outcome of that claim. If the Court were to ignore this denial of benefits, and specifically the date on which the benefits were denied, "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension*, 998 F.2d at 1196.

The notice of denial shows that Defendant denied Plaintiff's claim for benefits relating to the misappropriation of the machine on February 3, 2016. ECF No. 7-8 at 2. This allowed Plaintiff two years from this date, or until February 3, 2018, to file a claim for bad faith under § 8371. Plaintiff filed its original Complaint on January 16, 2019, almost a year past this date. ECF No. 1. Therefore, Plaintiff's Bad Faith claim against Defendant is untimely and must be dismissed.

Lastly, to the extent Plaintiff's seeks to assert a claim for breach of the covenant of good faith and fair dealing, "under Pennsylvania law, a 'claim for breach of the implied covenant of good faith and fair dealing is subsumed in a breach of contract claim.'" *Burton v. Teleflex Inc.*, 707 F.3d 417, 432 (3d Cir. 2013) (*quoting LSI Title Agency, Inc. v. Evaluation Servs.*, Inc., 951 A.2d 384, 392 (Pa. Super. Ct. 2008)); *see also Davis v. Wells Fargo*, 824 F.3d 333, 352 (3d Cir. 2016) ("[A] claim arising from a breach of the covenant of good faith must be prosecuted as a breach of contract claim, as the covenant does nothing more than imply certain obligations into the contract itself.") Therefore, this claim, as with the breach of contract claim, is time barred under the contractual language of the Policy.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 7) is granted. The Amended Complaint is dismissed without prejudice. Plaintiff is free to amend its Amended Complaint on or before June 6, 2019. An appropriate order will follow.

BY THE COURT:

DATE: 5-23-2019

CHAD F. KENNEY, JUDGE